Plaintiff brought an action in assumpsit against defendant to recover on a fidelity bond the sum of $3,000, the balance of a loss resulting from certain dishonest acts of a former secretary of plaintiff corporation which were not discovered until after his death in November, 1938.
On September 10, 1929, defendant issued a bond insuring plaintiff against loss in an amount not exceeding $5,000, which might be sustained through dishonest acts of its employees, including its officers. On August 5, 1936, this bond was cancelled and in lieu thereof a similar bond was issued in the amount of $2,000. The defalcations exceeded $5,000 and plaintiff claimed the latter amount, but defendant denied liability for more than $2,000, which amount it paid plaintiff.
Under the terms of the first bond defendant continued to be liable only as to losses discovered before the expiration of one year from the date of cancellation. Therefore, plaintiff could base no claim on it.
In support of its claim for $5,000, plaintiff invoked paragraph 1 of the Superseded Surety Rider attached to the second bond, which reads as follows: "That the attached bond shall be construed to cover, subject to its terms, conditions and limitations, any loss under said prior bond . . . which would have been recoverable under said prior bond had it continued in force, and also under the attached bond had such loss occurred during the currency thereof."
However, the amount recoverable is limited by paragraph *Page 564 
2 of the rider, which provides as follows: "That nothing herein contained shall be construed to render the surety liable under the attached bond for a larger amount on account of such loss or losses under said prior bond than would have been recoverable thereunder had it continued in force, or for morethan the amount recoverable under the attached bond on itseffective date [italics supplied] less all deductions on account of all payments made under the attached bond and the attached bond extended by this rider if the latter amount be the smaller."
Plaintiff contends that the first clause of this second paragraph "bears out its contention" that it "was entitled to recover the full amount of the original bond," and that the remaining portion of this paragraph, "by reason of its length and lack of punctuation, is so ambiguous that its meaning is extremely uncertain."
It is too clear to require argument that plaintiff's claim is limited to the amount recoverable in the superseding bond of August 5, 1936, to wit: two thousand dollars.
The judgment is affirmed.